# PHILLIPS DAYES

NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN C. DAVIS, No. 030754
Direct: (602) 288-1610 ext. 432
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZIONA

| | |
|---|---|
| David Valdez, a single man, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | **(Jury Trial Requested)** |
| Prima Investments, Inc., a Arizona corporation; Sunraj Investments, Inc., an Arizona corporation; Sunil Patel and Jane Doe Patel, husband and wife; | |
| Defendants. | |

Plaintiff alleges:

## NATURE OF THE CASE

1.      The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2.      Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of

1    employers' management to ensure that work is not performed if management does not desire

2    for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of

3    employees performing work without compensating the employees for their work. Id.

4          3.      Plaintiff brings this action against Defendant for unlawful failure to pay overtime

5    wages in direct violation of the Fair Labor Standards Act, 29 USC §201 *et seq.* (hereinafter

6    FLSA) and specifically the overtime provision of the FLSA found at §207(a).

7          4.      For at least one year prior to the filing of this action, Defendants had a consistent

8    policy and practice of requiring its employees to work well in excess of forty (40) hours per

9    week without paying them time and a half for hours worked over forty (40) hours per week.

10                    **JURISDICTION AND VENUE**

11          5.      This Court has jurisdiction over the subject matter and the parties hereto pursuant

12    to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

13          6.      Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the

14    events or omissions giving rise to the claims occurred in this District.

15          7.      The named Defendants, by virtue of their own acts and omissions or by virtue of

16    the acts and omissions committed by one or more of their agents, employees or representatives,

17    as described herein, have conducted business or caused events to occur within the District of

18    Arizona and, more particularly, within Maricopa County, Arizona, as more particularly

19    described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

20                              **PARTIES**

21          8.      At all times material hereto, Plaintiff was and continues to be a resident of

22    Maricopa County, Arizona.

23          9.      Defendants Prima Investments, Inc., and Sunraj Investments, Inc., are

24    incorporated in the State of Arizona with their principle place of business at 2633 East Indian

25    School Road, #120, Phoenix, Arizona 85016.

10.     Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendant Sunil Patel was and is the owner of Prima Investments, Inc. and Sunraj Investments, Inc.

11.     Jane Doe Patel is Sunil Patel's wife. Sunil Patel and Jane Doe Patel have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

12.     Upon information and belief, at all times material hereto, Defendants Sunil Patel and Jane Doe Patel were and are residents of Maricopa County, Arizona.

13.     At all relevant times, Plaintiff was an "employee" of Prima Investments, Inc., and Sunraj Investments, Inc., as defined by 29 U.S.C. §203(e)(1).

14.     The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Prima Investments, Inc., and Sunraj Investments, Inc.

15.     At all relevant times, Prima Investments, Inc., and Sunraj Investments, Inc., were and continue to be an employer as defined in 29 U.S.C. § 203(d).

16.     On information and belief, Defendants Sunil and Jane Doe Patel are deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and are co-equally liable with Defendant Prima Investments, Inc., and Sunraj Investments, Inc., for all matters.

17.     All Defendants are co-equally liable for all matters.

18.     On information and belief, Defendant Sunil Patel made all decisions on the daily activities of their employees and makes all decisions regarding pay policies and exerted financial and operative control over Prima Investments, Inc., and Sunraj Investments, Inc., and is therefore individually liable under the FLSA.

19.     On information and belief, Defendant Sunil Patel had the power to close Prima Investments, Inc., and Sunraj Investments, Inc.

20.     On information and belief, Defendant Sunil Patel had the power to hire and fire employees.

21.     On information and belief, Defendant Sunil Patel hired managerial employees.

22.     On information and belief, Defendant Sunil Patel maintained employment records.

23.     Defendant Sunil Patel profited from the FLSA violations detailed in this complaint. At all times material to this action, Prima Investments, Inc., and Sunraj Investments, Inc., were and are an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

25.     Upon information and belief, at all relevant times, the annual gross revenue of Prima Investments, Inc., and Sunraj Investments, Inc., exceeded $500,000.00.

## FACTUAL BACKGROUND

26.     Defendants run and operate a gas station in Arizona.

27.     Prima Investments, Inc., and Sunraj Investments, Inc., own and operate the gas station through their corporate owner, Sunil Patel.

28.     Prima Investments Inc., and Sunraj Investments, Inc., are under common control.

29.     Prima Investments Inc., and Sunraj Investments, Inc., were joint employers of Plaintiff.

30.     Upon information and belief, Prima Investments, Inc., and Sunraj Investments, Inc., acted directly and/or indirectly in the interest of one another.

31.     Upon information and belief, Prima Investments, Inc., and Sunraj Investments, Inc., are not disassociated with respect to the employment of Plaintiff.

32.     Upon information and belief, Prima Investments, Inc., and Sunraj Investments, Inc., shared control of Plaintiff.

33.     Upon information and belief, Prima Investments, Inc., and Sunraj Investments,

1  Inc., both had the power to hire and fire Plaintiff.

2      34.    Upon information and belief, Prima Investments, Inc., and Sunraj Investments,

3  Inc., both supervised and controlled Plaintiff's work schedules or conditions of employment.

4      35.    Upon information and belief, Prima Investments, Inc., and Sunraj Investments,

5  Inc., both determined the rate and method of payment to Plaintiff.

6      36.    Upon information and belief, Prima Investments, Inc., and Sunraj Investments,

7  Inc., both maintained employment records.

8      37.    Upon information and belief, Prima Investments, Inc., and Sunraj Investments,

9  Inc., both had complete economic control over the employment relationship with Plaintiff.

10      38.    Plaintiff was hired by Defendants in 2014 as a non-exempt hourly paid gas

11  station attendant.

12      39.    Plaintiff was initially paid a rate of $8.00 per hour. He received raises and at the

13  end of his tenure with Defendants he was earning $9.00 per hour. On some occasions

14  Defendants would pay Plaintiff $10.00 per hour.

15      40.    Plaintiff was a non-exempt employee.

16      41.    Plaintiff was not a manager.

17      42.    Plaintiff did not exercise discretion and independent judgment with respect to

18  matters of significance.

19      43.    Plaintiff was paid his regular hourly rate for all hours, including those over 40.

20      44.    For all hours up to 80 in a pay period, Plaintiff would receive a check from Prima

21  Investments, Inc.

22      45.    For his hours above 80 in a pay period, Plaintiff would receive a separate check

23  from Sunraj Investments, Inc.

24      46.    All hours were paid at straight time, including Plaintiff's overtime hours.

25      47.    From his hire date through July 2014, Plaintiff would regularly work 5 (five) to

20 (twenty) hours of overtime per week without being compensated at time and one half for those hours.

48.     Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were/was willful as Plaintiff complained about this policy on multiple occasions without any change in policy.

49.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

50.     Defendants failed to keep proper time records in violation of the FLSA.

51.     Plaintiff has retained the law firm of Phillips Dayes National Employment Law Firm PC to represent him in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

**COUNT ONE**
**<u>VIOLATION OF FAIR LABOR STANDARDS ACT §207</u>**

52.     Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

53.     While employed by Defendant, Plaintiff consistently and regularly worked overtime.

54.     Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

55.     As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with § 207 of the FLSA.

56.     Under 29 U.S.C. § 216 Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

57.     In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

58.     Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

59.     Defendants have not made a good faith effort to comply with the FLSA.

60.     Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a.   Awarding Plaintiff overtime compensation in the amount due to him for all of his time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiff's regular rate while at work for Defendants;

    b.   Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c.   Awarding Plaintiff's reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d.   For Plaintiff's costs incurred in this action;

    e.   Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    f.   Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

    g.   For such other and further relief as the Court deems just and proper

## COUNT TWO
## DECLARTORY JUDGMENT

61.     Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth

herein.

62.     Plaintiff and Defendants have a Fair Labor Standards Act dispute pending.

63.     The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

64.     Plaintiff may obtain declaratory relief.

65.     Defendants jointly employed Plaintiff.

66.     Defendants are an enterprise covered by the FLSA.

67.     Plaintiff is individually covered by the FLSA.

68.     Plaintiff is entitled to overtime wages pursuant to 29 U.S.C. §207.

69.     Defendants did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

70.     Plaintiff is entitled to an equal amount of liquidated damages as Defendants' policy of failing to pay proper overtime compensation remains in effect.

71.     Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

72.     It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

73.     The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a.   Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

b.  For Plaintiff's costs incurred in this action.

c.  Awarding Plaintiff's reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

d.  For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated:  August 7, 2014                    Respectfully submitted,

**PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**

By  /s/Trey Dayes
    Trey Dayes
    treyd@phillipsdayeslaw.com

Attorneys for Plaintiff